THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BRIAN WALLENBERG,<br><br>Plaintiff,<br><br>v.<br><br>PJUT, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [30] PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PETITION**<br><br>Case No. 2:23-cv-00045-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff Brian Wallenberg's Motion for Leave to File an Amended Petition.[1] Because the court lacks subject matter jurisdiction and because amendment would be futile, the court denies this Motion and denies Plaintiff's Motion for Attorney Fees.[2]

## BACKGROUND

The underlying dispute arose from Mr. Wallenberg's claim that PJ Utah, LLC ("PJUT") denied him the minimum wage guaranteed by the Fair Labor Standards Act ("FLSA") when PJUT failed to reimburse him for his vehicle costs as a pizza delivery driver.[3] In August 2022, the parties arbitrated the dispute pursuant to their arbitration agreement.[4] On October 20, 2022, the arbitrator issued a Partial Award, which awarded Mr. Wallenberg a total of $14,587.58, for vehicle costs, return deliveries, and liquidated damages.[5] And on January 3, 2023, the arbitrator

---

[1] Pl.'s Mot. for Leave to File Am. Pet. ("Pl.'s Mot."), ECF No. 30.
[2] Pl.'s Mot. for Fees and Costs, ECF No. 20.
[3] Pl.'s Pet. to Confirm Arbitration Award ("Pl.'s Pet.") ¶ 8.
[4] *Id.* at ¶¶ 9–11.
[5] *Id.* at ¶ 12; Partial Award 5, ECF No. 30-6.

issued a Final Award, which incorporated the Partial Award, and awarded Mr. Wallenberg's counsel just over $100,000 for attorneys' fees and costs.[6]

Following the Final Award, a second dispute arose as to whether PJUT could deduct taxes from the Final Award. On January 17, 2023, PJUT paid Mr. Wallenberg only a portion of the Final Award owed to him: it deducted $2,433.96 for federal taxes, $722.58 for Utah taxes, $905.05 for Social Security taxes, and $211.66 for Medicare taxes—totaling $4,373.25 withheld.[7] Thus, of the $14,597.58 awarded to Mr. Wallenberg, he received only $10,224.33.[8] PJUT tendered a check to Mr. Wallenberg's attorneys on January 12, 2023.[9]

On January 18, 2023, Mr. Wallenberg filed his Petition to Confirm Arbitration Award,[10] pursuant to Section 9 of the Federal Arbitration Act ("FAA").[11] Because confirmation of an arbitration award is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court,"[12] the court did not engage with the parties' arguments regarding Mr. Wallenberg's tax liability.[13] Thus, this court confirmed Mr. Wallenberg's arbitration award

---

[6] Pl.'s Pet. ¶ 13; Final Award 1, ECF No. 30-7.
[7] Pl.'s [Proposed] Am. Pet. (1) to Confirm Arbitration Award and (2) for Violation of the Fair Labor Standards Act, ("Pl.'s [Proposed] Am. Pet.") ¶ 17, ECF No. 30-4; PJUT Paystub Jan. 17, 2023, ECF No. 30-10.
[8] PJUT Paystub.
[9] Check from PJUT to Mark Potashnick PC, ECF No. 14-3.
[10] Pl.'s Pet.
[11] 9 U.S.C. § 9.
[12] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).
[13] *Compare* Resp. to Pet. to Confirm Arbitration Award ¶¶ 8, 13, ECF No. 14, *and* Pl.'s Reply in Support of Pet. to Confirm Arbitration Award ("Pl.'s Reply to Confirm Award") 3–4, ECF No. 16, *with* Order Granting Mot. to Confirm Arbitration Award ("Order") 4–5, ECF No. 18 ("'A district court confirming an arbitration award does little more than give the award the force of a court order. At the confirmation stage, the court is not required to consider the subsequent question of compliance.' Accordingly, in confirming the Final Arbitration Award in the present matter, the court will neither consider nor remark on the subsequent compliance or non-compliance of any party with respect to the award." (quoting *Will v. Parsons Evergreene, LLC*, No. 08-cv-00898, 2011 WL 2792398, at *1 (D. Colo. July 15, 2011))).

on March 16, 2023.[14] Thereafter, Mr. Wallenberg moved for attorneys' fees and costs associated with bringing the confirmation action,[15] which PJUT opposed.[16]

However, on August 24, 2023, while Mr. Wallenberg's Motion for Fees and Costs was pending, the court issued an Order to Show Cause, noting that it may not have subject matter jurisdiction.[17] In *Badgerow v. Walters*, the Supreme Court held that Section 9 of the FAA does not itself confer federal question jurisdiction, and that courts may not examine the facts underlying an arbitration award to evaluate whether a federal question existed at one point in the dispute.[18] The court observed that Mr. Wallenberg had alleged only that the court had subject matter jurisdiction pursuant to Section 9 of the FAA,[19] and that this may have been an improper foundation for jurisdiction per *Badgerow* and its predecessors. In response to the Order to Show Cause, Mr. Wallenberg argued that his Petition showed a federal question on its face, since it claimed that PJUT had resisted paying the full arbitration award by attempting to withhold taxes.[20] On August 31, the court granted Mr. Wallenberg 28 days to file a Motion to Seek Leave to Amend.[21] And on September 5, Mr. Wallenberg filed such a motion,[22] along with a proposed amendment.[23] On September 25, PJUT filed its Response to Mr. Wallenberg's Motion for Leave to File Amended Petition,[24] and on September 27, Mr. Wallenberg filed his reply brief.[25]

---

[14] Order; *see also* Judgment, ECF No. 19.
[15] Pl.'s Mot. for Fees and Costs.
[16] Def.'s Resp. to Mot. for Fees & Costs, ECF No. 22.
[17] Order to Show Cause, ECF No. 26.
[18] 596 U.S. 1, 7–12 (2022).
[19] *See* Order to Show Cause; Pl.'s Pet. ¶¶ 3–4.
[20] Pl.'s Combined Resp. to Show Cause Order & Contingent Mot. for Leave to Amend Pet. ("Pl.'s Resp. to OSC") 2, 5, ECF No. 27; Pl.'s Pet. ¶ 14.
[21] ECF No. 29.
[22] Pl.'s Mot.
[23] Pl.'s [Proposed] Am. Pet.
[24] Def.'s Resp. to Pl.'s Mot. for Leave to Amend Pet. ("Def.'s Resp."), ECF No. 32.
[25] Pl.'s Reply Brief in Support of His Mot. for Leave to File Am. Pet. ("Pl.'s Reply"), ECF No. 33.

## DISCUSSION

This case requires the court to address three questions. The first is whether the court has subject matter jurisdiction over Mr. Wallenberg's Motion for Attorney Fees based on his operative pleading. The second is whether Mr. Wallenberg could amend his pleading in a way that would give the court subject matter jurisdiction over his claim. And, if the first two questions are answered in the negative, the third is: what is the appropriate remedy?

### A.  Subject Matter Jurisdiction in Mr. Wallenberg's Initial Petition

Federal district courts are courts of limited jurisdiction that have original subject matter jurisdiction over diversity cases and federal question cases.[26] 28 U.S.C. § 1331 grants federal courts jurisdiction over "all civil cases arising under" a federal statute.[27] The scope of the phrase "arising under" has been the subject of numerous Supreme Court decisions. And while it is clear that "[a] suit arises under the law that creates the cause of action,"[28] the Supreme Court has held that the cause of action test is not the full extent of Section 1331.[29] In *Grable & Sons Metal Products v. Darue Engineering*, the Supreme Court clarified that federal question jurisdiction is proper where there is a "federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[30]

---

[26] *Badgerow v. Walters*, 596 U.S. 1, 7 (2022); *see also* 28 U.S.C. § 1332(a) (diversity jurisdiction); *id.* § 1331 (federal question jurisdiction).
[27] 28 U.S.C. § 1331.
[28] *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).
[29] *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[30] *Id.* at 314.

The FLSA provides a private cause of action to an employee to recover for unpaid minimum wages,[31] and as such, plainly gives rise to federal question jurisdiction.[32]

The FAA, however, is another matter. For five decades, the U.S. Supreme Court has held that the FAA "is something of an anomaly in the field of federal-question jurisdiction."[33] The FAA, unlike most federal statutes, "does not create any independent federal-question jurisdiction."[34] Instead, there must be an "independent jurisdictional basis" in order for the case to proceed in federal court.[35] And recently, in *Badgerow v. Walters*, the Supreme Court held that lower courts may not "look through" an application to confirm or vacate arbitration awards under Sections 9 and 10 of the FAA to determine whether the underlying dispute arises from a federal question.[36] In other words, it is immaterial whether the arbitrated dispute arose from a federal cause of action or a state cause of action; unless there is a wholly independent basis for jurisdiction, the application to confirm or vacate the arbitration award belongs in state court.

For instance, if an application to vacate an arbitration award is based on the arbiter's alleged failure to correctly apply federal law, then federal question jurisdiction may be proper.[37] Or, of course, if there is complete diversity between the parties and an amount in controversy exceeding $75,000, a federal court may entertain a suit to confirm or vacate an arbitration

---

[31] 29 U.S.C. §§ 216, 206.
[32] *See, e.g.*, *Tijerino v. Stetson Deseret Project, LLC*, 934 F.3d 968, 971–72 (9th Cir. 2019).
[33] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).
[34] *Id.*; *accord Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008); *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009); *Badgerow*, 596 U.S. at 8.
[35] *Badgerow*, 596 U.S. 8.
[36] *Id.* at 10–12; *see also Matios v. City of Loveland*, 2022 WL 2734270 (10th Cir. 2022) (applying *Badgerow* and holding there was no federal jurisdiction to confirm an arbitration award that failed to establish an independent federal question when the parties lacked diversity). *But see Vaden*, 556 U.S. at 62 (approving the "look through" approach under Section 4 of the FAA).
[37] *See George v. Rushmore Serv. Ctr., LLC*, 2:18-cv-13698, 2023 WL 3735977, *2 (D.N.J. May 30, 2023).

5

award.[38] And theoretically, supplemental jurisdiction would be available for some claims, so long as exercise of jurisdiction does not involve reliance on the "look through" approach.[39]

Mr. Wallenberg's initial Petition stated only that the court had subject matter jurisdiction under Section 9 of the FAA.[40] However, in his Response to the court's Order to Show Cause, Mr. Wallenberg argues that his initial petition pled an independent jurisdictional basis, since it noted the post-arbitration dispute regarding Mr. Wallenberg's tax liability.[41] But the initial Petition only obliquely mentioned the post-arbitration dispute in the "Factual Background" section of the Petition.[42] Mr. Wallenberg's Petition requested only confirmation of the Final Award under Section 9 of the FAA.[43] In other words, the relief sought did not depend on any interpretation of the FLSA, and the FLSA was immaterial to the initial Petition. Pleading facts that could raise a federal question, where those facts are irrelevant to the claims brought, does not itself give rise to a federal question jurisdiction,[44] even under the *Grable & Sons* test.

Because Mr. Wallenberg only brought a claim under Section 9 of the FAA and expressly relied on Section 9 of the FAA as a basis for subject matter jurisdiction, the initial Petition ran afoul of *Badgerow* and its predecessors.

---

[38] *See, e.g.*, *France v. Bernstein*, 43 F.4th 367, 377 n.7 (3d Cir. 2022).

[39] *Cf. Hursh v. DST Sys., Inc.*, --- F.Supp.3d ---, 2023 WL 2754432, *7 (W.D. Mo. Mar. 31, 2023) (noting cases decided before *Badgerow* that relied on supplemental jurisdiction were invalid to the extent that they relied on the "look through" approach to find a common nucleus of operative fact between other claims and the underlying dispute that was later arbitrated).

[40] Pl.'s Pet. ¶¶ 3–4.

[41] Pl.'s Resp. to OSC 5, 6.

[42] Pl.'s Pet. ¶ 14 ("PJUT has refused to pay the Awards in full as it has declared its intent to deduct inapplicable payroll and income taxes from the portion of the recovery awarded as reimbursement of employee-paid job expenses and PJUT has announced its intent to deduct payroll taxes from the portion of the recovery awarded as liquidated damages.").

[43] Pl.'s Pet. ¶ 19

[44] *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1025–26 (10th Cir. 2012) (holding mere reference in a complaint to federal law did not give rise to federal question jurisdiction); *Parker v. WI Waterstone, LLC*, 790 F. App'x 926, 929 (10th Cir. 2019) (unpublished).

**B.  Mr. Wallenberg's Motion for Leave to Amend**

    **1.  Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend a pleading] when justice so requires."[45] Generally, a court may deny leave to amend only if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[46] "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal."[47] In other words, if an amended pleading fails to state a claim,[48] has a jurisdictional defect,[49] would be non-justiciable,[50] or does not rest on a private cause of action,[51] amendment would be futile. Notably, a denial of leave to amend to cure a jurisdictional or justiciability defect on futility grounds is a dismissal without prejudice.[52]

    **2.  Proposed Amendment**

Mr. Wallenberg proposes to amend his Petition by adding an "FLSA Claim," over which he asserts the court would have original jurisdiction.[53] He then argues the court would have supplemental jurisdiction over the initial FAA claim for confirmation of the arbitration award.[54]

---

[45] Fed. R. Civ. P. 15(a)(2); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

[46] *Forman*, 371 U.S. at 182; *accord Frank v. U.S. West., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[47] *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

[48] *See id.*

[49] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[50] *Id.* (affirming denial of leave to amend when plaintiff failed to show that "his complaint could be amended to establish standing").

[51] *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023).

[52] *Brereton*, 434 F.3d at 1219.

[53] Pl.'s [Proposed] Am. Pet. ¶ 3.

[54] *Id.* at ¶ 4.

PJUT argues that granting leave to amend would be futile, since the FLSA does not provide for a cause of action under these circumstances.[55] The problem is that the proposed claim is not in fact an FLSA claim at all.

Mr. Wallenberg alleges that after the arbitration, PJUT "violated Sections 6 and 16(b) of the FLSA by failing and refusing to pay Mr. Wallenberg the relief due under the FLSA needed to restore his minimum wage pay."[56] Thus, according to Mr. Wallenberg, the FLSA entitles him to $4,373.25 because PJUT refused to pay the full arbitration award.[57] Put differently, under Mr. Wallenberg's view of the case, because PJUT has failed to pay the full $14,597.58 (by withholding a portion for taxes), he was not paid the minimum wage required by the FLSA. But, as Mr. Wallenberg admits, the $4,373.25 stems from the $14,597.58 awarded to Mr. Wallenberg through the Final Award, less $10,224.33 actually paid by PJUT.[58] And as *Badgerow* made clear, an arbitration award is "no more than a contractual resolution of the parties' dispute—a way of settling legal claims"; it has nothing to do with the federal law underlying the dispute that led to the arbitration award.[59] In other words, Mr. Wallenberg is not ostensibly owed the $4,373.25 under the FLSA, but rather, he is ostensibly owed that amount pursuant to the Final Award, which stems from the parties' contract. Per *Badgerow*, the FLSA has nothing to do with the parties' dispute at this stage.

---

[55] Def.'s Resp. 4–6.
[56] Pl.'s [Proposed] Am. Pet. ¶ 40 (citations omitted).
[57] *Id.* at ¶¶ 17–25, 40; *see also* Pl.'s Mot. ¶ 4 (noting that under Tenth Circuit precedent, "a party's refusal to comply with its duties under an arbitration agreement constitutes a material breach of an arbitration agreement and entitles its opponents to proceed in court" (citing *Pre-Paid Legal Servs. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015))).
[58] Pl.'s [Proposed] Am. Pet. ¶ 17.
[59] *Badgerow*, 596 U.S. at 9; *id.* at 12, 18 (characterizing arbitration awards as arising from state contract law).

Further, Mr. Wallenberg appears to suggest that PJUT's refusal to arbitrate the post-arbitration dispute as to Mr. Wallenberg's tax liability on the Final Award somehow resuscitates an FLSA claim.[60] Indeed, at several points in his Motion, Mr. Wallenberg stresses that PJUT refused to arbitrate the issue of whether taxes could be withheld from the Final Award,[61] and in his proposed amendment, he asserts that PJUT's refusal to arbitrate that issue "entitles Mr. Wallenberg to litigate the parties' dispute in this [c]ourt."[62] For this proposition, Mr. Wallenberg relies upon *Pre-Paid Legal Services v. Cahill*[63] and a handful of other cases.[64] *Cahill* dealt with a situation in which a party refused to pay their share of the arbitration fees—thereby breaching the arbitration agreement—and then subsequently sought to enforce a stay in court proceedings.[65] The Tenth Circuit held that the breaching party was not entitled to maintain a stay under Section 3 of the FAA.[66] The other cases cited by Mr. Wallenberg deal with similar issues involving whether a party can compel arbitration or otherwise enforce the arbitration agreement after it breached the agreement.

These cases do not entitle Mr. Wallenberg to proceed in federal court at this stage. For starters, the cases cited are factually distinguishable. PJUT does not seek to enforce the parties' arbitration agreement or otherwise compel arbitration. And further, none of these cases deal with a situation in which arbitration resulted in a final award and a post-arbitration dispute arose as to

---

[60] Pl.'s Mot. ¶¶ 6, 8.

[61] *See id.* at ¶¶ 4, 6.

[62] Pl.'s [Proposed] Am. Petition ¶ 25; *see also id.* at ¶ 20.

[63] 786 F.3d 1287 (10th Cir. 2015).

[64] *See Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1009–13 (9th Cir. 2005); *Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1200–01 (9th Cir. 2003); *Sullivan v. PJ United, Inc.*, No. 7:13-cv-01275, 2016 U.S. Dist. LEXIS 117814, *7–11 (N.D. Ala. Aug. 10, 2016); *Garcia v. Mason Contract Prods.*, No. 08-23103-CIV, 2010 WL 3259922, *2–4 (S.D. Fla. Aug. 18, 2010).

[65] *Cahill*, 786 F.3d at 1288–89.

[66] *Id.* at 1294–95.

whether the award was satisfied. These cases do not suggest that a party's refusal to arbitrate a post-arbitration dispute revives a federal question that was terminated upon resolution of a dispute via a final arbitration award. Instead, they suggest that an initial refusal to arbitrate does not deprive the other party of the right to litigate the dispute in court. Since the parties did in fact arbitrate the FLSA dispute, it is the Final Award that controls, not the FLSA. To hold otherwise would be to adopt some variation on the "look through" approach foreclosed by *Badgerow*.

Whether Mr. Wallenberg's proposed amended claim is best characterized as a claim to enforce the Final Award, or as a claim for improper tax withholding, the result is the same: Mr. Wallenberg's proposed amendment would be futile. The degree to which an arbitration award is enforced is a matter of state contract law and does not present a federal question.[67] And while the court might have federal question jurisdiction over the issue of whether federal taxes could be withheld from an arbitration award,[68] Mr. Wallenberg's claim would still be subject to dismissal, since there is no federal cause of action for a wrongful withholding of federal taxes.[69]

---

[67] *See Badgerow*, 596 U.S. at 9 ("[An arbitral] award is no more than a contractual resolution of the parties' dispute—a way of settling legal claims. And quarrels about legal settlements—even settlements of federal claims— typically involve only state law, like disagreements about other contracts." (citations omitted)).

[68] *See* 28 U.S.C. § 1340. Federal courts have generally held that a challenge to an employer's withholding of taxes is a federal question. *See, e.g.*, *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992); *Berera v. MESA Med. Grp., PLLC*, 985 F. Supp. 2d 836, 843 (E.D. Ky. 2013).

[69] *See* 26 U.S.C. § 3403 ("The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment."); *id.* § 7422 ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard . . . ."); *id.* § 7422(f)(1) ("A suit or proceeding referred to in subsection (a) may be maintained only against the United States . . . ."); *see also, e.g.*, *Burda*, 954 F.2d at 439; *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 67–68 (3d Cir. 2008); *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984). In the briefing surrounding Mr. Wallenberg's initial Petition, Mr. Wallenberg cited several cases in which courts have not allowed a defendant to withhold taxes from a judgment. *See* Pl.'s Reply to Confirm Award 3–4. But those cases too are distinguishable, since all deal with issues of tax liability arising after a claim came to a final judgment. *See Jones v. United Parcel Serv.*, No. 06-2143, 2012 WL 12969636, *2–4 (D. Kan. May 30, 2012); *DuBose v. Boeing Co.*, 905 F. Supp. 953, 959 (D. Kan. 1995); *Darling v. Frank*, 125 F.3d 861 (10th Cir. 1997) (Table). The case at hand is the opposite.

## C.  Remedy

Having determined that the court lacks jurisdiction over Mr. Wallenberg's initial Petition and that amendment would be futile, the next question is how the court should proceed.

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[70] Indeed, the Supreme Court has noted that "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."[71] Since it is without subject matter jurisdiction, the court denies Mr. Wallenberg's Motion for Attorney Fees without prejudice.

## ORDER

For these reasons, the court DENIES WITHOUT PREJUDICE Plaintiff's Motion for Attorney Fees for lack of subject matter jurisdiction[72] and DENIES Mr. Wallenberg's Motion for Leave to Amend.[73]

Signed December 14, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[70] Fed. R. Civ. P. 12(h)(3); *see City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("[T]he district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction.").
[71] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citations omitted).
[72] ECF No. 20.
[73] ECF No. 30.